Argued and submitted June 11, reversed July 22, 2015

In the Matter of D. J. M.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. A.,
*Appellant.*

Jackson County Circuit Court
14JU02678; A158459

355 P3d 945

Shannon Storey, Chief Defender, Juvenile Appellate Section, argued the cause and filed the reply brief for appellant. With her on the opening brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

PER CURIAM

## PER CURIAM

In this dependency case, it is undisputed that mother is unfit. The juvenile court assumed jurisdiction based on allegations that father "does not have sole legal custody of the child"—and therefore "cannot protect the child from mother's neglectful behavior"—and that father's substance abuse interferes with his ability to safely parent. Father appeals, contending that the evidence is insufficient to show that the child's conditions and circumstances are such as to endanger his welfare. ORS 419B.100(1)(c). We agree with father and reverse.

To support juvenile court jurisdiction, the court must find that there is a current threat of serious loss or injury to the child and a reasonable likelihood that the threat will be realized. *Dept. of Human Services v. S. P.*, 249 Or App 76, 84, 275 P3d 979 (2012); *Dept. of Human Services v. C. Z.*, 236 Or App 436, 440, 236 P3d 791 (2010). It is the state's burden to establish a nexus between the alleged risk-causing conduct and harm to the child. *Dept. of Human Services v. C. J. T.*, 258 Or App 57, 62, 308 P3d 307 (2013). The risk of harm must be nonspeculative and present at the time of the hearing. *Dept. of Human Services v. W. A. C.*, 263 Or App 382, 403, 328 P3d 769 (2014).

In reviewing the juvenile court's judgment, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient" to permit the court's assertion of jurisdiction. *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013); *see also Dept. of Human Services v. D. H.*, 269 Or App 863, 865-66, 346 P3d 527 (2015) (applying standard).

Father does not dispute the factual basis for the allegations regarding his substance abuse and lack of a custody order. He contends, however, that the state failed to present legally sufficient evidence to establish that, at the time of the hearing, the alleged conditions and circumstances presented an actual risk of harm to the child of the type required for jurisdiction.

As we have emphasized, the burden is on the state to show a nexus between the conditions or circumstances and a risk of harm to the child that "is present, at the time of the hearing and not merely speculative." *Dept. of Human Services v. E. M.*, 264 Or App 76, 81, 331 P3d 1054 (2014). We conclude that the state has not met that burden. With respect to the allegation of substance abuse, the evidence does not support a finding that father's substance abuse creates a present nonspeculative risk of harm to the child. *See, e.g., id.* at 83 ("[A] parent's substance abuse alone does not create a risk of harm to a child" sufficient to establish jurisdiction.). With respect to the allegation that father lacks "sole legal custody," the evidence does not support a finding that mother is pursuing contact with the child or that, should she attempt to do so, father would not be able to protect the child "from mother's neglectful behavior." *See Dept. of Human Services v. R. L. F.*, 260 Or App 166, 172, 316 P3d 424 (2013) ("[L]ack of a custody order alone is an insufficient basis for jurisdiction."). Nor is there evidence that the allegations combine to create a present nonspeculative risk.

Reversed.